UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JENNIFER SCHWALL; PAUL
VELEZ; WESLEY TRACHT,
KYLE SCHWALL and CODY
SCHWALL, minors by and
through their GUARDIAN
AD LITEM, JENNIFER
SCHWALL, individuals,

    Plaintiffs,

    v.

MEADOW WOOD APARTMENTS, a
business of unknown form;
THOMAS L. BLOXHAM and
DIANA L. BLOXHAM, individuals
and doing business as MEADOW
WOOD APARTMENTS,

    Defendants.
_____/

NO. CIV. S-07-0014 LKK

O R D E R

    The plaintiffs are minors and their guardian ad litem, who also has brought suit personally, suing defendant for violation of the Fair Housing Act, 42 U.S.C. §§ 3601 et seq., and related federal and state laws. In the present motion, the plaintiffs

1

1 request approval of the Compromise of Claim of Minor Plaintiffs'
2 Settlement. The court resolves the motion on the papers and after
3 oral argument.

## I. BACKGROUND

5 The plaintiffs sued the defendants, Meadowwood Apartments and
6 its owners and operators, for violations of the Fair Housing Act,
7 the California Fair Housing and Employment Act, and other state
8 claims, alleging that the defendants discriminated against them
9 when the adult plaintiffs attempted to rent an apartment from the
10 defendants. See Complaint. The complaint was filed in January 2007
11 and since then there have been no dispositive motions filed in the
12 case.

13 In the present motion, the plaintiffs request approval of a
14 settlement agreement. Under the settlement agreement, the
15 defendants have agreed to pay the plaintiffs $50,000 for damages,
16 attorney's fees, and costs. Declaration of Jennifer Schwall In
17 Support of Plaintiff/ Guardian Ad Litem Jennifer Schwall's Motion
18 to Approve Compromise of Claim of Minor Plaintiffs' Settlement
19 ("Schwall Decl."), ¶ 5. Of this, $30,000 is proposed to pay
20 attorneys fees and costs, leaving a net settlement of $20,000 to
21 the plaintiffs. Id. This remainder is apportioned to give 32.5 per
22 cent each to plaintiffs Jennifer Schwall and Paul Velez and 12.5
23 per cent to each remaining plaintiff. Id.

## II. STANDARD

25 Under the Local Rules, the court must approve the settlement
26 of the claims of a minor. Local Rule 17-202(b). The party moving

2

for approval of the settlement must provide the court "such . . . information as may be required to enable the Court to determine the fairness of the settlement or compromise. . . ." Local Rule 17-202(b)(2).

### III. ANALYSIS

In considering the fairness of a settlement of minors' claims, federal courts generally are guided by state law. See 2 Schwarzer, Tashima & Wagstaffe, California Practice Guide, *Federal Procedure Before Trial* (2002) Pretrial Conference and Settlement Procedures, ¶ 15:136, p. 15-42; Walden v. Moffett, 2007 WL 2859790 (E.D. Cal. Sept. 26, 2007). Under California law, a court must approve the amount paid out of the settlement for attorneys fees and costs for claims brought by minors. Cal. Prob. Code § 3601; Cal. Code Civ. P. § 372. One leading California practice guide observes:

> Courts vary in their fee approval policies. All will consider the time expended and the complexity of the case. But, in contingency fee cases, most courts require a showing of "good cause" to award more than 25% of any recovery. [Citations omitted] . . . As a practical matter, awards for more than 25% of the recovery in a minor's case are rare and justified only when counsel proves that he or she provided *extraordinary* services.

2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2007) Settlement Procedures, ¶¶ 12:576-12:577, p. 12(II)-17 (emphasis in original); see also Sacramento Superior Court Rule 10.02 (a "reasonable" attorney fee for the settlement of a minor's claim is 25%).

Here, there is insufficient evidence presented to the court to permit the conclusion that an award of attorneys fees and costs

3

totaling 60 percent of the settlement amount is reasonable. The plaintiff's counsel has tendered evidence of the amount of time he spent working on the case and multiplied this by his hourly rate of $350, though he was working on a contingency fee basis due to his clients' inability to pay his hourly fee. Declaration of Stuart Fagan In Support of Plaintiff/ Guardian Ad Litem Jennifer Schwall's Motion to Approve Compromise of Claim of Minor Plaintiffs' Settlement ("Fagan Decl."), ¶¶ 2, 4, 5, 6. He also declared that the attorneys fees and costs totaled $43,828.88, but that he reduced his recovery to $30,000 out of fairness to his clients. Id. ¶ 11. Finally, plaintiff Jennifer Schwall had declared that she believes the settlement to be "fair [and] reasonable." Schwall Decl. ¶ 8.

Although the tendered evidence is helpful to the court's analysis, it is insufficient to demonstrate that it is reasonable for attorneys fees and costs to comprise 60% of the total settlement award, particularly when the state courts find a 25% award reasonable. 2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* at ¶¶ 12:576-12:577. Consequently, the court declines to approve the proposed settlement.[1]

### IV. CONCLUSION

In accordance with the above, the court DENIES the motion to approve the compromise of claim of minor children's settlement.

---

[1] The court approves the remaining terms of the settlement and would approve a settlement that allocated no more than 25 percent of the recovery to attorneys fees, plus costs.

4

1     IT IS SO ORDERED.

2     DATED: February 26, 2008.

                                /s/ Lawrence K. Karlton
                                LAWRENCE K. KARLTON
                                SENIOR JUDGE
                                UNITED STATES DISTRICT COURT