UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JENNIFER SCHWALL; PAUL
VELEZ; WESLEY TRACHT,
KYLE SCHWALL and CODY
SCHWALL, minors by and
through their GUARDIAN
AD LITEM, JENNIFER
SCHWALL, individuals,

    Plaintiffs,

    v.

MEADOW WOOD APARTMENTS, a
business of unknown form;
THOMAS L. BLOXHAM and
DIANA L. BLOXHAM, individuals
and doing business as MEADOW
WOOD APARTMENTS,

    Defendants.
_____/

NO. CIV. S-07-0014 LKK

O R D E R

Plaintiffs had previously moved for approval of minor plaintiffs' settlement, which the court rejected on the basis that it had not been shown that plaintiffs' counsel's attorneys fees were reasonable. Plaintiffs move for reconsideration of that order.

1

The court resolves the motion on the papers.[1] For the reasons stated herein, the court denies the motion.

## I. BACKGROUND

The plaintiffs sued the defendants, Meadowwood Apartments and its owners and operators, for violations of the Fair Housing Act, the California Fair Housing and Employment Act, and other state claims, alleging that the defendants discriminated against them when the adult plaintiffs attempted to rent an apartment from the defendants. See Complaint. The crux of the plaintiffs' allegations was that defendants had improperly refused to rent an apartment to them because minor children would be present in the household and, in such a circumstance, defendants would only lease a ground-level apartment to plaintiffs, which was not available at the time. Complaint ¶ 12. Prior to filing suit, plaintiffs had sought assistance from California Rural Legal Assistance and brought a complaint with the Department of Fair Employment and Housing, to no avail. Declaration of Stuart E. Fagan In Support of Motion for Reconsideration ("Fagan Decl.") ¶¶ 6, 8.

Eventually defendants agreed to settle the suit with plaintiffs for a total of $50,000, which included damages to the plaintiffs and attorneys fees. Fagan Decl. ¶ 13. Defendants also agreed to submit their housing Rules and Regulations to the Sacramento Human Rights and Fair Housing Commission for review. Id. Defendants will also require that the current housing manager

---

[1] No opposition has been filed.

2

complete a course in fair housing compliance. Id.

In January 2008, the plaintiffs moved for approval of the settlement of the claims of the minor plaintiffs. Accompanying the motion were the declarations of plaintiff Jennifer Schwall and plaintiff's attorney Stuart Fagan. There was no Memorandum of Points and Authorities presented. The court declined to approve the settlement on the grounds that the plaintiffs had not shown it was reasonable, as its terms would allocate 60 per cent of the damages award to Mr. Fagan in attorneys fees. Comparatively, each of the three minor plaintiffs were only allocated 12.5 per cent of the award. It is from this order that the plaintiffs seek reconsideration.

## II. STANDARD

"Under the 'law of the case' doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." United States v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997)(citing Thomas v. Bible, 983 F.2d 153, 154 (9th Cir. 1993), cert. denied, 508 U.S. 951 (1993)). Although motions to reconsider are directed to the sound discretion of the court, see Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 824 F.2d 514 (9th Cir. 1987), cert. denied, 486 U.S. 1015 (1988), considerations of judicial economy weigh heavily in the process.  Thus, Local Rule 78-230(k) requires that a party seeking reconsideration of a district court's order must brief the "new or different facts or

3

circumstances...which... were not shown upon such prior motion, or what other grounds exist for the motion." Generally speaking, before reconsideration may be granted there must be a change in the controlling law or facts, the need to correct a clear error, or the need to prevent manifest injustice. See Alexander, 106 F.3d at 876; see also Sch. Dist. No. 1J, Multnomah County, Oregon v. AC&S, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993); Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2003).

Motions to reconsider are not vehicles permitting the unsuccessful party to "rehash" arguments previously presented. See Costello v. United States Government, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991). Nor is a motion to reconsider justified on the basis of new evidence available prior to the court's ruling. See Fay Corp. v. BAT Holdings One, Inc., 651 F. Supp. 307, 309 (W.D. Wash. 1987), aff'd, 896 F.2d 1227 (9th Cir. 1990). Finally, "after thoughts" or "shifting of ground" do not constitute an appropriate basis for reconsideration. See id. These relatively restrictive standards "reflect [ ] district courts' concern for preserving dwindling resources and promoting judicial efficiency." Costello, 765 F. Supp. at 1009.

### III. ANALYSIS

Plaintiffs do not argue that reconsideration is warranted on the grounds that there is newly discovered evidence or a change in law.[2] Instead, plaintiffs appear to assert that the court's

---

[2] The plaintiffs have not made it apparent on what grounds they move for reconsideration nor have cited any case law or Federal

4

February 27, 2008 order was a clear error or a manifest injustice.

As the court explained in the February 27 order, the Local Rules require that an application for approval of a minor's settlement include "such . . . information as may be required to enable the Court to determine the fairness of the settlement or compromise. . . ." Local Rule 17-202(b)(2). The court concluded that plaintiffs had not made this showing. Order, February 27, 2008, at 3-4.

The court based its conclusion on the evidence put forth by plaintiffs in support of their motion. First, the court observes that it was not guided by any points and authorities in support of the motion, as the plaintiffs filed none. Instead, the plaintiffs filed two declarations in support of the motion. The declaration of plaintiff Jennifer Schwall described the factual allegations of the complaint, the terms of the settlement agreement, and the terms of her contingency fee agreement with Mr. Fagan.[3] Declaration of Jennifer Schwall In Support of Plaintiff/ Guardian Ad Litem Jennifer Schwall's Motion to Approve Compromise of Claim of Minor Plaintiffs' Settlement.

The second declaration offered in support of the motion was that of plaintiffs' attorney Stuart Fagan. In it, he described his

---

Rule of Civil Procedure as the standard for their motion.

[3] According to Ms. Schwall, under the fee agreement, Mr. Fagan was entitled to receive his hourly rate of $350 for all "fees he bill[ed] on the case." Declaration of Jennifer Schwall In Support of Plaintiff/ Guardian Ad Litem Jennifer Schwall's Motion to Approve Compromise of Claim of Minor Plaintiffs' Settlement ¶ 11.

5

professional qualifications, the terms of his contingency fee arrangement with plaintiffs, the terms of the settlement, a vague description of plaintiffs' prior settlement attempt, and the time and costs he expended in pursuing plaintiffs' claims. Declaration of Stuart Fagan In Support of Plaintiff/ Guardian Ad Litem Jennifer Schwall's Motion to Approve Compromise of Claim of Minor Plaintiffs' Settlement.

The court concluded that there was insufficient evidence demonstrating the reasonableness of plaintiffs' counsel receiving 60 per cent of the total settlement amount for attorneys fees and costs. Order, February 27, 2008, at 3-4. Although the plaintiffs had shown the amount of time that counsel had spent on the case, his hourly rate, and the results obtained, this was not adequate to show that a 60 percent award was fair. See Local Rule 17-202(b)(2). This was particularly true in light of the fact that the state courts find an award of 25 per cent reasonable when minors' claims are at issue, and awards in excess of that must be justified by extraordinary circumstances. See Order, February 27, 2008, at 4 (citing 2 Weil & Brown, Cal. Practice Guide, *Civil Procedure Before Trial* (2007) Settlement Procedures, ¶¶ 12:576-12:577, p. 12(II)-17).

Plaintiffs now encourage the court to revisit this conclusion, citing cases favoring generous attorneys fees' awards in housing discrimination cases and providing more complete evidence of the effort Mr. Fagan expended in pursuing the case to a favorable result. The court is disinclined to view these with much sympathy,

6

1  as they were plainly available to the plaintiffs at the time of the
2  filing of their motion to approve the settlement. Plaintiffs had
3  ample time and opportunity to present these to the court in their
4  moving papers and at oral argument, but chose not to. A motion for
5  reconsideration is not a proper vehicle for a party to, with the
6  benefit of further reflection, present the arguments he should have
7  presented in the original instance. See, e.g., Frederick S. Wyle,
8  P.C. v. Texaco, Inc., 764 F.2d 604, 605 (9th Cir. 1985); Walker v.
9  Hoffman, 583 F.2d 1073, 1074 (9th Cir. 1978), cert. denied, 439
10 U.S. 1127 (1979); Fay Corp., 651 F. Supp. at 309.

11        Nor does the court's February 27 order represent a clear error
12 or manifest injustice. In the motion for reconsideration, the
13 plaintiffs make much of the fact that the February 27 order had
14 observed that the state courts find attorneys fees awards for the
15 settlement of minors' claims reasonable when they represent 25 per
16 cent of the total monetary award. See Order, February, 27, 2008,
17 at 3-4. Plaintiffs are correct to the extent that attorneys fees
18 in far excess of 25 per cent may be awarded under 42 U.S.C. §
19 3613(c) and other civil rights statutes. See, e.g., City of
20 Riverside, 477 U.S. 561, 577 (1986); Fair Housing of Marin v.
21 Combes, 285 F.3d 899 (9th Cir. 2002); Quesada v. Thomason, 850 F.2d
22 537 (9th Cir. 1988).

23        Plaintiffs overlook the fact that an award for attorneys fees
24 may be reasonable under § 3613(c) but nevertheless not represent
25 a fair settlement of minors' claims. When attorneys fees are paid
26 out of minor' total recovery amount, the court has a duty to

determine the fairness of those fees. <u>Friends for All Children, Inc. v. Lockheed Aircraft Corp.</u>, 567 F. Supp. 790, 812-13 (D.D.C. 1983); <u>see also</u> <u>Krause v. Rhodes</u>, 640 F.2d 214 (6th Cir.1981), cert. denied, 454 U.S. 836 (1981); <u>Cappel v. Adams</u>, 434 F.2d 1278 (5th Cir.1970). This duty is grounded in Federal Rule of Civil Procedure 17(c), which gives the court a special responsibility to safeguard the interests of litigants who are minors. <u>See also</u> <u>Dacanay v. Mendoza</u>, 573 F.2d 1075, 1080 (9th Cir. 1978) (a settlement of minors' claims is only enforceable upon approval of the court). The court therefore did not err in holding in its February 27 order that plaintiffs had not met their burden to show that the settlement terms were fair to the minors' interests, independent of the question of whether the fees were reasonable under § 3613(c) generally.

Moreover, plaintiffs have not presented sufficient evidence in either their motion to approve the settlement or their motion for reconsideration to show that the settlement was reasonable under § 3613(c). The plaintiffs in their motion direct the court to <u>City of Riverside</u>'s twelve factors to consider for determining the reasonableness of attorneys fees, but the plaintiffs only present arguments and evidence that, at most, seven of these factors favor the proposed settlement award.[4] Although the

---

[4] These include the time and labor required, the attorney's customary fee, whether the fee was contingent, the amount involved and results obtained, the attorney's experience and, arguably, the skill required to perform the legal service properly and awards in similar cases. <u>City of Riverside</u>, 477 U.S. at 569.

8

plaintiffs argue that these twelve factors are dispositive, they fail to address or offer any evidence that would permit the court to evaluate nearly half of them.

Consequently, the court cannot conclude that it committed clear error or that the February 27 order represents a manifest injustice. The plaintiffs bore the burden to show the fairness of the proposed settlement. Their evidence was insufficient. In the instant motion, they have presented no evidence adequate to meet the higher standard of reconsideration.

## IV. CONCLUSION

Accordingly, the motion for reconsideration is DENIED.

IT IS SO ORDERED.

DATED: May 12, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT